## COULT vs. MCCARTY.

1. Where an illegal reservation has been made by the mortgagee, and the mortgagor afterwards effected a new loan by the assignment of the mortgage, representing it to be good, he is precluded from setting up the original usury against the assignee and those claiming under him.

2. Usury in the contract between the mortgagor and the assignee being proved, the amount of bonus paid directed to be deducted from the principal of the mortgage, and a decree for the balance allowed, without costs, and without interest on the balance of principal from the time interest was last paid.

This cause was heard before the Vice-Chancellor, upon the pleadings and the oral evidence of witnesses.

*Mr. Coult*, for complainant.

*Mr. Ludlow McCarter*, for defendant.

THE VICE-CHANCELLOR.

The defence to the foreclosure suit is usury. The mortgage was for $1000, dated March 30th, 1867, made by the defendant, McCarty, to Walker, and by him assigned October 6th, 1868, to Pinkney, and by him assigned June 24th, 1870, to Conkle, and by him to the complainant.

The evidence shows that when the mortgage was given, a .

bonus of $75 was paid by the defendant to the mortgagee. At the expiration of the year, when the mortgage came due, a further bonus of $70 was paid for an extension of six months.

The assignment to Pinkney was in pursuance of an agreement between him and McCarty for a loan of $1000 for one year, for a bonus of $50 beyond lawful interest. This bonus was paid, together with $18.50 discount, by McCarty, on Pinkney's note, and Pinkney took the mortgage, which was afterwards assigned, as above, to the complainant, who is an innocent holder for value.

The question is what amount the complainant is entitled to recover. Pinkney testifies that when he made the loan he had no knowledge of the previous usury, and took the assignment on the faith of McCarty's assurances that the mortgage was all right, and good for its face. McCarty denies this; but I am satisfied from the evidence that he is in error, and that Pinkney's story is true. Having procured the assignment and loan on this representation, the defendant is precluded from setting up the original usurious reservation by Walker, against Pinkney and his assigns. He is entitled to be allowed the bonus of $68.50 paid to Pinkney, and to that extent the defence must prevail. The interest on the mortgage was paid in full to October 13th, 1869. From that date no interest can be recovered, and the $68.50 bonus must be credited on the bond. A decree will be advised for $931.50, without costs.